22-MJ-2164-MBB

## AFFIDAVIT OF SPECIAL AGENT BRIAN O'SULLIVAN IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Brian O'Sullivan, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

## INTRODUCTION

1.    I have been employed as a Special Agent with the FBI since February 2012. I am currently assigned to the FBI Boston Child Exploitation and Human Trafficking Task Force, where I investigate Violent Crimes Against Children ("VCAC"). While employed by the FBI, I have investigated federal criminal violations related to, among other things, the online sexual exploitation of children. As a Special Agent with the FBI, I have conducted numerous investigations into the production, attempted production, distribution, and possession of child pornography, to include executing federal search warrants and criminal complaints. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.

2.    I make this affidavit in support of a criminal complaint charging Matthew ORMON (YOB 1972), of Quincy, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).

3.    The statements in this affidavit are based in part on information provided by FBI Special Agents and analysts; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; and my experience, training, and background as a Special Agent with the FBI. This affidavit is intended

to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## PROBABLE CAUSE

4. Following an investigation involving an internet-based peer-to-peer network (the "Subject Platform"), agents received information regarding the use of the Subject Platform to download child pornography files by a computer associated with an IP address that resolved to ORMON's residence in Quincy, Massachusetts. On April 4, 2022, I obtained a federal search warrant authorizing the search of ORMON's residence for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit in support of that warrant is attached here as **Sealed Exhibit A**.

5. On April 5, 2022 at about 6:00 a.m., FBI agents, with the assistance of local law enforcement, executed the search warrant at ORMON's residence in Quincy, Massachusetts. ORMON was present when agents arrived. ORMON's mother and father, who live at the residence with ORMON, were also present. Agents introduced themselves and advised ORMON that the FBI had a search warrant for the residence. ORMON was advised of his *Miranda* rights, executed a written waiver of his *Miranda* rights, and agreed to speak with agents on scene. The interview, including *Miranda* advisements, was audio recorded. Unless otherwise indicated, all statements set forth below are summary in nature.

6. After waiving his *Miranda* rights, ORMON identified various electronic devices that belonged to him. Specifically, ORMON stated that he was the only person who used the basement area of the residence, and he was the only person who used the computers located in the

basement.[1]  ORMON provided pin codes to access the computers in the basement.[2]  At this point, agents conducting the interview began to ask ORMON about child pornography, at which point ORMON invoked his right to counsel and the interview ended.

7. In the basement of the residence, agents located a number of electronic devices, including two computers, one black in color and one white in color, both appearing to be custom built.  Based on preliminary forensic review of these computers, forensic examiners observed that the Subject Platform was installed on both computers and, on the white computer, the Subject Platform was open in an internet browser.  Both computers also were connected to a network drive, which is a storage device connected to a local area network that multiple devices within that network can access.[3]  This network drive allowed ORMON to save and share files across his devices.

8. On the black computer, within the network drive named "The_Castle," forensic examiners located a folder with a name associated with a file-sharing program used on the Subject Platform to share video files.  On the black computer, a Windows file explorer window was open to a subfolder within that folder, named "hc."  Within the "hc" subfolder, forensic examiners during an on-scene preview located 401 video files, totaling 114 gigabytes of data.  The file paths for these video files demonstrate that the files were downloaded from the Subject Platform.  The most recent download date for a file in that folder was on or about March 27, 2022.  Based on a

---

[1] ORMON's parents, who were present at the time of the search, were interviewed and both stated that they did not use the basement area and they did not use the computers found in the basement.

[2] Agents did not need to use these pin codes to access the computers since the computers were not locked when located.

[3] Pursuant to the warrant, agents seized a "Synology" brand network drive device from ORMON's basement.

preliminary review, many of these files appear to depict child exploitation material. Three of those files are described below:

    a. File name: (Pthc-Jho-Lolifuck) 6 Yo Girl Gets Cum In Mouth In Laundry Room(1).wmv. This video is approximately 41 seconds long, and depicts a minor female, who appears to be approximately 5-7 years old based on size and facial features, wearing a pink outfit and pink headband. In the video, the female child is performing oral sex on an adult male penis who instructs her how to give oral sex.

    b. File name: 7yo Gina flip.mkv. This video is approximately 30 seconds long, and depicts a minor female, who appears to be approximately 6-9 years old based on size and facial features. An adult male penis is depicted masturbating in front of the female child. The adult male then instructs the female child to open her mouth and he proceeds to ejaculate on her face and mouth.

    c. File name: 2011 elly 6.mp4. This video is approximately 1 minute 4 seconds long, and depicts a minor female, who appears to be approximately 4-7 years old based on size and facial features, performing oral sex on an adult male penis.[4]

---

[4] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described above in paragraph 7 appear to be approximately 5-7, 6-9, and 4-7 years old – in all events, younger than eighteen. Furthermore, the descriptions of the files here are sufficiently specific as to the age and appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific*

9.     Pursuant to the search warrant, agents seized the two computers described above and other electronic devices from the residence. Review of those devices pursuant to the warrant is ongoing.

10.    During the execution of the search, agents also found multiple sex toys in the basement in the area of ORMON's computers and in ORMON's bedroom, among other things.

## CONCLUSION

11.    Based on the foregoing, there is probable cause to believe that, from at least October 2021 through on or about March 27, 2022, ORMON knowingly received any child pornography that had been mailed, and using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).

_____
Special Agent Brian O'Sullivan
Federal Bureau of Investigation

Sworn before me by telephone in accordance with Federal Rule of Criminal Procedure 4.1 this **5th** day of April, 2022.

_____
HON. MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

---

*description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography. Nonetheless, the described imagery is available for review at the Court's request.

5